UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHYSICIANS' PHYSICAL THERAPY PHYSIOLOGY, INC., | : | CIVIL CASE NO.: |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:14-CV-00144-SRU |
| | : | |
| FITNESS EDGE, INC., ET AL., | : | |
| | : | |
| Defendants. | : | MAY 30, 2014 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendants the Fitness Edge, Inc., Fitness Edge LLC, FE-Greenwich LLC, FE-Norwalk LLC, FE-Fairfield LLC, FE-LNT500 LLC, FE-Shelton LLC, FE-Stratford LLC, FE-Milford LLC, FE-Hamden LLC, FE-Derby LLC and FE-Trumbull LLC (hereinafter collectively referred to as the "Defendants"), hereby submit the following memorandum opposition to the Plaintiff Physicians' Physical Therapy Physiology, Inc. Motion for Class Certification.

**I. PRELIMINARY STATEMENT**

At the outset, Defendants note that Plaintiff's motion is admittedly filed to avoid the potential adverse consequences of a Rule 68 Offer of Compromise. *Plaintiff's Memorandum* (Doc. 3) at 3. Defendants agree with Plaintiff that further discovery is necessary in order to fully develop the motion for class certification. However, Defendants' position is that the motion must be denied, as opposed to stayed, at this juncture as Plaintiff fails to meet the requirements for class certification. Moreover,

Defendants have not had the opportunity to conduct meaningful discovery which could be used to oppose Plaintiff's motion. For the purposes of this motion and brevity, Defendants adopt Plaintiffs' Statement of Facts, but deny that the opt-out notice was improper.

**II. LEGAL STANDARD**

Fed. R. Civ. P. 23(a) sets forth the perquisites to establish class certification:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> > (1) the class is so numerous that joinder of all members is impracticable,
> >
> > (2) there are questions of law or fact common to the class,
> >
> > (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> >
> > (4) the representative parties will fairly and adequately protect the interests of the class.
>
> Fed. R. Civ. P. 23(a).

Class certification is appropriate "only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (internal quotation omitted). "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).

"The plaintiff cannot rely solely on the allegations of the complaint, but must provide sufficient information on which the court can make a determination." *Pecere v. Empire Blue Cross and Blue Shield*, 194 F.R.D. 66, 69 (E.D.N.Y. 2000) ("'[c]ertification .

. . . is dependant on [the plaintiff's] proof that each of the requirements of Rule 23(a) . . . has been met.'") (*quoting Lloyd v. Industrial Bio-Test Laboratories, Inc.*, 454 F. Supp. 807, 811-12 (S.D.N.Y. 1978)). "Before certifying a class, the district court must conduct a 'rigorous analysis' and be 'persuaded that the prerequisites of Rule 23(a) have been met.'" *Richards v. Fleetboston Fin. Corp.*, 238 F.R.D. 345, 348 (D. Conn. 2006) *citing Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364 (1982).

**III. ARGUMENT**

A. This Court Previously Held That A Placeholder Motion Should be Denied Pending the Completion of Discovery

In *Physicians Healthsource, Inc. v. Purdue Pharma L.P.*, 2013 U.S. Dist. LEXIS 127117, 3 (D. Conn. Sept. 6, 2013) this Court was presented with a motion for class certification similar to Plaintiff's motion and denied the motion without prejudice to renew. In its *Physicians Healthsource* decision this Court noted that the "rigorous analysis required to decide a motion to certify a class "is impracticable, at least on the current record, because the plaintiff filed its motion for class certification prior to discovery." *Id. citing Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011). The Court also noted that "the interests of the parties, as well as the interests of the court, are best served by deferring consideration of any such motion until that process is complete." *Physicians Healthsource*, *supra* at 6.

The instant situation appears to be identical in that Plaintiff admits it filed the motion for class certification contemporaneously with the Complaint in order to avoid the potential adverse consequences of a Rule 68 Offer of Judgment. *Plaintiff's Memorandum* (Doc. 3) at 3. Plaintiff also admits that additional discovery and investigation is necessary to "inform the Court's class certification determination." *Id*. at 5. Plaintiff's motion in its

3

current form is substantially incomplete as no discovery has been conducted as of the filing of this opposition. The interests of the parties, and the Court, would be best served through briefing the issues fully and completely as opposed to briefing in a piecemeal fashion at different stages of the litigation. More importantly, Defendants are also entitled to conduct discovery in order to uncover evidence that could be used to oppose Plaintiff's motion. A decision on this motion before Defendants have had such an opportunity would be unduly prejudicial. As such, Plaintiff's Motion should be denied pending discovery.

B. <u>Plaintiff Cannot Establish the Prerequisites Mandated by F.R.C.P. 23(a) at this time</u>

If the Court were to decide Plaintiff's motion on the merits, even assuming that the allegations in the Amended Complaint are true, the Plaintiff cannot establish all of the required prerequisites for class certification. The four requirements under Rule 23(a) are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy." (internal citations omitted) *Richards* at 348. The Court must "receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." (internal citations omitted) *Spencer v. Hartford Fin. Servs. Group, Inc.*, 256 F.R.D. 284, 289 (D. Conn. 2009).

Plaintiff in the instant case does not offer any such evidence at this stage and therefore fails to meet its burden. *See Richards v. Fleetboston Fin. Corp.*, 238 F.R.D. 345, 349 (D. Conn. 2006). ("The plaintiff cannot rely solely on the allegations of the complaint, but must provide sufficient information on which the court can make a determination.") (*citing Pecere v. Empire Blue Cross and Blue Shield*, 194 F.R.D. 66, 69

(E.D.N.Y. 2000)). "Failure to meet any one of Rule 23's requirements destroys the alleged class action." *Percere* at 69-70.

### i.    Plaintiff fails to establish numerosity

Plaintiff's allegations as to Defendants focus solely on one facsimile received by the Plaintiff. This facsimile is attached to Plaintiff's Complaint as Exhibit "A" but is the only facsimile in the record at this time. "The numerosity requirement in Rule 23(a)(1) does not mandate that joinder of all parties be impossible -- only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997). While Plaintiff states that it received "40 separate fax broadcasts from Defendants" it offers no proof of the same. *Plaintiff's Memorandum*, Doc. 3 at 7. Similarly, Plaintiff states, without evidentiary support, that "Defendant's advertisements were successfully sent to at least 40 facsimile numbers." *Id*.

Moreover, "in determining whether a proposed class is so numerous that joinder of all members is impracticable, courts examine the following factors: (1) judicial economy, (2) the geographic dispersion of class members, (3) class members' financial resources, (4) the ability of claimants to institute individual lawsuits, (5) knowledge of the names and existence of the potential class members, and (6) requests for prospective injunctive relief that would involve future class members." *Perece*, 194 F.R.D. at 70. Here, based on the lack of evidence as to the number of faxes received by other parties or any information identifying those parties, Plaintiff's Motion for Class Certification should be denied.

### ii.   Plaintiff fails to establish commonality and typicality

Plaintiff cannot establish commonality or typicality as it is unclear based on the current record whether individualized questions exist. "The commonality requirement is met if plaintiffs' grievances share a common question of law or of fact." *Marisol A. supra* at 376. Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001).

Plaintiff fails to meet its burden to satisfy these requirements at this stage as it presents nothing more than a recitation of the allegations in the complaint and conclusory analysis. For instance, Plaintiff presents no evidence that the instant fax was sent as part of larger campaign, that the faxes in question contain identical "opt-out language" or that each of the other class members may have received similar faxes. Moreover, it is unclear whether Plaintiff in the instant case solicited the facsimile in question, whether other members of the class solicited the facsimiles or whether they had an existing business relationship with Defendants.[1] As such, the motion should be denied.

C.   <u>Plaintiff Fails to Establish Predominance or Superiority</u>

For the reasons set forth above, Plaintiff fails to meet its burden to establish predominance and superiority at this time. With respect to superiority, Plaintiff's class definition is problematic because Plaintiff provides no basis for identifying or adequately

---

[1] Plaintiff's counsel will likely assert, per the recent trend in TCPA claims, that the FCC regulations apply to unsolicited and solicited regulations alike and therefore this is a moot point. However, the FCC has recently taken this issue under advisement based on the Eight Circuit's decision in *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013), *cert. denied Walburg v. Nack*, 2014 U.S. LEXIS 1966 (U.S. 2014). As such, these questions may very well be germane to the Court's analysis and provide a legitimate basis for opposing class certification. This District is cognizant of the effect of the FCC's contemplation of this issue on TCPA litigation. *See Kaye v. Merck & Co.*, 2014 U.S. Dist. LEXIS 66827, 3 (D. Conn. May 15, 2014).

notifying potential class members. Without demonstrating that the fax in Exhibit "A" to the Complaint was sent to more than the Plaintiff, or that other advertisements were sent which contained similar "opt-out" language, the most efficient manner of resolving this case would be for the Plaintiff to file a small claims action, which was the intention of the law. At this stage, there is simply not enough evidence submitted by Plaintiff to meet its burden and its motion must be denied.

## IV. CONCLUSION

Plaintiff's motion is premature as it comes before the Court before any discovery has taken place. Without said discovery, Plaintiff fails to meet its burden of proof and the Court cannot engage in the proper analysis required to decide a motion for class certification. Based on the foregoing, the Defendants respectfully request that the Plaintiff's Motion for Class Certification be denied.

Dated: May 30, 2014

> Respectfully submitted,
>
> */s/ Brian J. Palmeri*
> Brian J. Palmeri, Esq. (CT 27587)
> Winget, Spadafora & Schwartzberg, LLP
> 177 Broad Street, 10th Floor
> Stamford, CT 06901
> Ph:     (203) 328-1200
> Fax:    203) 328-1212
> Email: palmeri.b@wsllp.com
> Attorneys for Defendants.

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Opposition was served via ECF system to all counsel of record on this 30th day of May 2014.

*/s/ Brian J. Palmeri*
Brian J. Palmeri, Esq. (CT 27587)