UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHYSICIANS' PHYSICAL THERAPY & PHYSIOLOGY, INC., a Connecticut Corporation, individually and as the representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br><br>    v.<br><br>FITNESS EDGE, INC., FITNESS EDGE LLC, FE-GREENWICH LLC, FE-NORWALK LLC, FE-FAIRFIELD LLC, FE-LNT500 LLC, FE-SHELTON LLC, FE-STRATFORD LLC, FE-MILFORD LLC, FE-HAMDEN LLC, FE-DERBY LLC, FE-TRUMBULL LLC, and JOHN DOES 1-10,<br><br>    Defendants. | No. 3:14-cv-00144 (SRU) |

## RULING ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Physicians' Physical Therapy & Physiology, Inc. (the "plaintiff") brought this action against Fitness Edge, Inc., Fitness Edge LLC, FE-Greenwich LLC, FE-Norwalk LLC, FE-Fairfield LLC, FE-LNT500 LLC, FE-Shelton LLC, FE-Stratford LLC, FE-Milford LLC, FE-Hamden LLC, FE-Derby LLC, FE-Trumbull LLC, and various John Does (collectively, the "defendants") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Before the court is the plaintiff's motion for class certification and for a stay of further proceedings on that motion (doc. #2).  For the reasons stated below, the plaintiff's motion is premature and is therefore denied without prejudice to renewal following discovery.

"In determining whether class certification is appropriate, a district court must first ascertain whether the claims meet the preconditions of Rule 23(a) of numerosity, commonality, typicality, and adequacy." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 201-02 (2d Cir. 2008). A court "may then consider granting class certification where it 'finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Id.* at 202 (quoting Fed. R. Civ. P. 23(b)(3)). Class certification is appropriate "only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2001) (internal quotation omitted). "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).

Here, such "rigorous analysis" is impracticable, at least on the current record, because the plaintiff filed its motion for class certification prior to discovery. Indeed, the plaintiff has conceded that more discovery is needed before any determinations can be made on certification, having requested the court to stay the instant motion for class certification and delay the court's ruling on this motion until the plaintiff has had sufficient discovery on this issue. Pl.'s Mot. For Class Certification at 1 (doc. #2). "Where, as here, the movant admits that more discovery is needed on matters related to class certification, the interests of the parties, as well as the interests of the court, are best served by deferring consideration of any such motion until that process is complete." *Physicians Healthsource, Inc. v. Purdue Pharma L.P.*, No. 3:12-cv-1208 (SRU), 2013 WL 4782378, at *2 (D. Conn. Sept. 6, 2013).[1] Accordingly, plaintiff's motion for class

---

[1] In *Purdue Pharma*, I discussed the Seventh Circuit decision in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), which held that, absent a motion for class certification pending on the docket, a putative class action

certification and for a stay of further proceedings on that motion (doc. #2) is denied without prejudice to renewal after discovery.

      It is so ordered.

      Dated at Bridgeport, Connecticut, this 11th day of August 2014.

                                              /s/ Stefan R. Underhill
                                              Stefan R. Underhill
                                              United States District Judge

---

may be rendered moot by an offer of judgment affording the named plaintiff full relief.  2013 WL 4782378, at *1.  I concluded that this rule had been rejected by several other Circuits and never been adopted by the Second Circuit.  *Id.*  I further found that, because the court had the discretion to modify an order denying class certification, class allegations were no less preserved from mootness by an order denying a premature motion for certification without prejudice to renewal before final judgment than an order granting or staying such a motion.  *Id.* at *2.